UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>MEGANNE COLBY GROVER,<br><br>                         Debtor. | Bankruptcy Case<br>No. 12-63750-tmr13 |
| MEGANNE COLBY GROVER,<br><br>                         Plaintiff,<br><br>      v.<br><br>HOME STREET BANK and<br>OREGON COMMUNITY DEVELOPMENT<br>SERVICES,<br><br>                         Defendants. | Adversary Proceeding<br>No. 13-6013-tmr<br><br><br><br><br>MEMORANDUM OPINION |

This matter comes before the Court on Defendants' Motion to Dismiss. The matter has been briefed and argued, and is now ripe for decision.

Background:

Debtor/Plaintiff filed Chapter 13 on August 23, 2012. She is currently operating under a modified plan dated May 6, 2013, which was confirmed on August 28, 2013. The modified plan references ongoing litigation between Plaintiff and Defendant HomeStreet Bank (HomeStreet). The modified plan calls for direct monthly "adequate protection" payments of $1,150 to HomeStreet pending resolution of the litigation. It provides that any recovery will be offset against the debt owed to HomeStreet.

MEMORANDUM OPINION-1

On January 23, 2013, Debtor filed the instant adversary complaint. On February 1, 2013, she filed an amended complaint containing three claims. Claim #1 has elements of several theories of recovery which are discussed below. It alleges that, after default on a note and trust deed given to HomeStreet and transferred to Defendant Oregon Housing and Community Services Department (OHCSD) and during a pending non-judicial foreclosure, the lenders' agents entered Plaintiff's home without permission and locked her out for 50 days. This act caused damage including emotional distress. The other two claims are for declaratory judgment, damages, and an injunction (Claim #2) against all Defendants, and for "wrongful foreclosure" (Claim #3) which requests an injunction halting a non-judicial foreclosure.

All Defendants separately answered denying the material allegations. HomeStreet and OHCSD also asserted affirmative defenses.[1] On April 20, 2013, HomeStreet and OHCSD filed the instant motion to dismiss all claims. At oral argument, Plaintiff in essence agreed to dismissal of Claims ##2 and 3 without prejudice to re-asserting similar allegations should a subsequent non-judicial foreclosure be commenced, so long as the damages elements thereof were rolled into Claim #1. As such, only Claim #1 will be discussed.

Legal Standards:

The motion is brought under FRCPs 12(b)(6) and (c) (made applicable by FRBP 7012(b)) and is based on failure to state a claim. Because Defendants have already answered, the motion will be analyzed under FRCP 12(c) as one for judgment on the pleadings. United States ex rel. E. E. Black Ltd. v. Price-McNemar Constr. Co., 320 F.2d 663, 666 n.1 (9th Cir. 1963); see also FRCP 12(h)(2)(A) ("failure to state a claim" may be raised in a motion for judgment on the pleadings). In any event, the analysis under FRCP 12(c) is substantially identical to that under FRCP 12(b)(6). Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

Under FRCP 12(c), judgment on the pleadings will be granted when, accepting all factual allegations as true, there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Id. The complaint is examined to see if it contains sufficient factual matter to state a facially plausible

---

[1] Defendant Hamilton has since been dismissed as a party by stipulation of all other parties.

MEMORANDUM OPINION-2

claim for relief. Id. In considering the motion, "'the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.'" Roost v. Reynolds (In re Reynolds), 189 B.R. 199, 200 (1995) (quoting 5A Wright & Miller, Federal Practice and Procedure, pp. 518-519 (1990)). A claim may be dismissed under FRCP 12(c) if the running of the statute of limitations is apparent on the complaint's face. Price-McNemar, 302 F.2d at 666 n.1.

Discussion:

At issue is the appropriate limitations period for Claim #1. The parties concede Oregon law applies. See CBS, Inc. v. Folks (In re Folks), 211 B.R. 378, 384 (9th Cir. BAP 1997) (in general, state law governs parties' property rights in bankruptcy, including claims a debtor may have against third parties). Defendants argue Claim #1 is for the tort of "invasion of privacy" and is thus governed by ORS 12.110(1)'s two-year limitations period.[2] They argue the cause of action accrued on or about November 22, 2010, as per ¶¶ 14-17 of the Amended Complaint, and that Plaintiff commenced this action more than two years later. Further, they argue 11 U.S.C. § 108(a), which gives a trustee the later of a non-bankruptcy statute of limitations or two years after the order for relief to commence an action, does not apply to Chapter 13 debtors. Finally, they argue an action filed in Marion County Circuit Court just prior to the bankruptcy filing, (where Plaintiff sought to enjoin the non-judicial foreclosure sale), did not toll the statute of limitations.

In opposition, Plaintiff argues Claim #1 is not for invasion of privacy, but is rather for trespass which is governed by the six-year limitations period of ORS 12.080(3) and (4)[3]. In the alternative, even if a two-

---

[2] ORS 12.110(1) provides:

> An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

[3] ORS 12.080(3) and (4) provide:

> 3) An action for waste or <u>trespass upon</u> or for interference with or injury to <u>any</u>

(continued...)

MEMORANDUM OPINION-3

year limitations period applies, Plaintiff argues a Chapter 13 debtor has the right to benefit from the extension given by §108(a), and, in any case, the prior state court action tolled the limitations period.

The Court agrees with Plaintiff that the six-year limitations period is applicable. Claim #1, entitled simply a "Claim for Damages," includes allegations sufficient to support claims for both trespass to land[4] and chattels.[5] See Amended Complaint at ¶¶ 13-17, 36-40, and 43.a.[6] Defendants argue that because

---

[3](...continued)
　　　interest of another in real property, excepting those mentioned in ORS 12.050,
　　　12.060, 12.135, 12.137 and 273.241; or

　　　(4) An action for taking, detaining or injuring personal property, including an
　　　action for the specific recovery thereof, excepting an action mentioned in ORS
　　　12.137; shall be commenced within six years. (emphasis added).

The tort of trespass to land is governed by ORS 12.080(3). The tort of trespass to chattels is governed by ORS 12.080(4). Skoog v. Clackamas Cnty., 2004 WL 102497, *8 n.1 (D. Or. Jan. 12, 2004), aff'd in part on other grounds, rev'd in part on other grounds, 469 F.3d 1221 (2006).

[4] Under Oregon law, trespass to land is "an actionable invasion of a possessor's interest in the exclusive possession of land." Martin v. Reynolds Metals Co., 221 Or. 86, 90, 342 P.2d 790, 792 (1959). The intrusion must be intentional, negligent, or the result of ultra-hazardous activities. Carvalho v. Wolfe, 207 Or. App. 175, 180-181, 140 P.3d 1161, 1164 (2006); see also PacifiCorp v. Northwest Pipeline GP, 879 F.Supp.2d 1171, 1184 n.2 (D. Or. 2012) (trespass requires proof of negligent, intentional or reckless conduct). "[']Intentional['] is used in this context to mean that the acts setting in motion the invasion were done with knowledge that a trespass would result and not that the acts were done for the specific purpose of causing a trespass or injury." United States v. W. Radio Servs. Co., 2012 WL 3776474, *6 (D. Or. Aug. 29, 2012) *(*quoting Lunda v. Matthews, 46 Or. App. 701, 705, 613 P.2d 63, 66 (1980)). "Any physical intrusion by a person onto another's land necessarily interferes with the possessor's right to exclusive use of the land." Halperin v. Pitts, 241 Or. App. 249, 252, 250 P.3d 402, 404 (2011), rev'd on other grounds, 352 Or. 482, 287 P.3d 1069 (2012).

[5] Trespass to chattels allows recovery for interferences with the possession of chattels, where the interference is not sufficiently important to be classed as conversion. Morrow v. First Interstate Bank of Oregon, N.A., 118 Or. App. 164, 168, 847 P.2d 411, 413 (1993) (internal quotation omitted). The gist of the action is the disturbance of the plaintiff's possession. Swank v. Elwert, 55 Or. 487, 496, 105 P. 901, 905 (1910).

[6] While Claim #1 arguably could also be construed to allege claims for "invasion of privacy,"(as Defendants allege), as well as conversion, Plaintiff has represented that her claims are only for trespass. See
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(continued...)

MEMORANDUM OPINION-4

Plaintiff alleges no property damage, hers is, by definition, a suit for "injury to the person" as contemplated by ORS 12.110(1). They argue ¶ 40 of the Amended Complaint, which alleges Plaintiff suffered "personal humiliation, embarrassment and emotional stress to her general and special damage in the amount of $50,000.00 or, in an amount according to proof," confirms this. This argument confuses damages to compensate for Plaintiff's injury with the injury itself. While Claim #1 includes both a generic damages claim, see Amended Complaint at ¶ 43.a,[7] and the emotional distress damages referenced above,[8] the right or interest violated remains to Plaintiff's land and personal property.

Morrison v. Ardee Pest Control, Inc., 62 Or. App. 506, 661 P.2d 576 (1983) cited by Defendants is inapposite. There, the plaintiffs purchased a home based on an inspection showing minimal dry rot damage. It turned out the damage was extensive. Plaintiffs sued the inspector for $12,000 in repair costs under theories of negligence in making the inspection and breach of contract for failing to perform the inspection in a workmanlike manner. Two years but not six had run from the inspection. Plaintiffs argued their negligence claim was controlled by ORS 12.080(3)'s provision regarding actions for "injury to any interest

---

[6](...continued)
Plaintiff's Memorandum in Opposition [Doc. 22] at pp. 2-3; Plaintiff's Supplemental Response Memorandum [Doc. 27] at pp. 1-2. For purposes of the present motion, the Court will hold Plaintiff to those representations.

[7] Paragraph 43.a alleges entitlement to damages for "the action of the agents of the Defendants in locking . . . [Plaintiff] out of her home, denying her access to her home and in breaching her personal privacy." It was technically pled as part of Claim #2, but pursuant to Plaintiff's stipulation to dismiss that claim, will be considered as part of Claim #1 for purposes of the instant motion.

[8] Of note, emotional distress and like damages are recoverable in trespass actions. See, e.g., McGregor v. Barton Sand & Gravel, Inc., 62 Or. App. 24, 32-33, 660 P.2d 175, 181 (1983) (damages for trespass to land may include mental suffering, humiliation, and embarrassment, if such effects are attributable to defendant's interference); Douglas v. Humble Oil & Ref. Co., 251 Or. 310, 317, 445 P.2d 590, 593 (1968) (mental suffering awardable when a "direct and natural result" of defendant's agent's unauthorized entry into plaintiff's home); Senn v. Bunick, 40 Or. App. 33, 39, 594 P.2d 837, 841 (1979) (applying "direct and natural" test); Lunda v. Matthews, 46 Or. App. 701, 709, 613 P.2d 63, 68 (1980) ("anguish suffered may be the result of a continuous invasion of plaintiffs' property over a long period of time"); Morrow, 118 Or. App. at 168, 847 P.2d at 413 (damages for trespass to chattels may include emotional distress absent physical injury, unless distress is the only damage claimed).

MEMORANDUM OPINION-5

of another in real property." The court disagreed and dismissed the claim as time-barred, holding ORS 12.110(1) controlled. Id. at 510, 661 P.2d at 578. The court held plaintiffs' injury stemmed from their reliance on defendant's allegedly negligent report:

> [I]f . . . [plaintiffs] were harmed by defendant's conduct, it was because they had not been correctly informed as to the extent to which the dwelling *had been damaged by dry rot,* inducing plaintiffs to purchase it. Thus the *property* was not injured by defendant's conduct; it was injured by the dry rot.

Id. (emphasis in original) (internal footnote omitted). The court held plaintiffs' injury was really to their "pocketbook." Id. It distinguished Beveridge v. King, 292 Or. 771, 643 P. 332 (1982), where the plaintiff sued a homebuilder/seller for failure to build in a workmanlike manner, as there the defendant/builder's acts caused damage to the property itself, and thus the six-year statute applied. Morrison, 62 Or. App. at 510, 661 P.2d at 578. Here, unlike Morrison, Plaintiff, has alleged injury to the right to possess her land and personal property free of interference. It matters not that the alleged damages proximately flowing from that injury do not include damage to the property itself, but rather to Plaintiff's mental well-being.

     For the above reasons, Defendants' motion as to Claim #1 will be denied. Because the six-year limitations period applies, the court does not need to address either the § 108(a) extension or the state court case tolling arguments. This opinion constitutes the court's findings of fact and conclusions of law under FRBP 7052. The Court will enter a separate order.

*/s/ Thomas M. Renn*

THOMAS M. RENN
Bankruptcy Judge

MEMORANDUM OPINION-6